MEMORANDUM **
James Earl Brown, an attorney, appeals pro se from the district court’s judgment dismissing his independent action to set aside a prior judgment for fraud on the court pursuant to Rule 60(d) of the Federal Rule of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. Appling v. State Farm, Mut. Auto. Ins. Co., 340 F.3d 769, 780 (9th Cir.2003). We may affirm on any ground supported by the record. Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir.2008). We affirm.
The district court did not abuse its discretion by dismissing Brown’s independent action because his allegations fail to state a claim for fraud on the court. See United States v. Beggerly, 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998) (concluding that “an independent action should be available only to prevent a grave miscarriage of justice”); see also Appling, 340 F.3d at 780 (explaining that the term “fraud on the court” is read narrowly to mean “only that species of fraud which does or attempts to, defile the court itself, or is fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication”) (citation and internal quotation marks omitted).
Brown’s motion for an order to show cause is denied. Brown’s motion to expedite is denied as moot.
Brown’s petition for an initial hearing en banc is denied as untimely.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.