Timothy Edward HODGSON,
Plaintiff—Appellant,

v.

**UNITED STATES of America,**
**Defendant—Appellee.**

No. 08–15777.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Timothy Edward Hodgson, Sacramento, CA, pro se.

Kenneth W. Rosenberg, Jonathan S. Cohen, U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Timothy Edward Hodgson appeals pro se from the district court's judgment dismissing his action alleging that the Internal Revenue Service ("IRS") violated 26 U.S.C. § 6304. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for lack of subject matter jurisdiction and dismissal for failure to state a claim. *Shanks v. Dressel,* 540 F.3d 1082, 1086 (9th Cir.2008). We affirm.

■ The district court properly dismissed Hodgson's claim that the IRS violated § 6304 because Hodgson challenged only the IRS's failure to communicate properly with his counsel, not an improper communication with him. *See* 26 U.S.C. § 6304 (restricting certain communications with taxpayers and prohibiting abuse and harassment of taxpayers in connection with the collection of unpaid taxes).

■ The district court properly dismissed Hodgson's claim for declaratory relief because the United States is entitled to sovereign immunity from declaratory relief judgments "with respect to Federal taxes." 28 U.S.C. § 2201; *E.J. Friedman Co. v. United States,* 6 F.3d 1355, 1358–59 (9th Cir.1993) ("Because the case at bar involves federal taxes, declaratory relief is unavailable, and § 2201 cannot serve as a waiver of sovereign immunity.").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

