**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLARENCE DEMETRIUS TATE, | No. 08-56582 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-00024-VAP-OP |
| v. | |
| KEITH STANTON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Clarence Demetrius Tate, a California state prisoner, appeals pro se from the

district court's judgment dismissing his action brought under the Racketeer

Influenced and Corrupt Organizations Act ("RICO"), and from the pre-filing order

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

designating him a vexatious litigant. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal, *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008), and review for an abuse of discretion the entry of the pre-filing order, *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir. 2007) (per curiam). We may affirm on any ground supported by the record. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007). We affirm.

The district court properly dismissed the action because Tate failed to plead facts to state a RICO claim against the defendants. *See Turner v. Cook*, 362 F.3d 1219, 1228-31 (9th Cir. 2004) (discussing elements of a RICO claim); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (stating that a complaint must allege facts that are "plausibly suggestive of a claim entitling the plaintiff to relief" (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009))).

The district court did not abuse its discretion in declaring Tate a vexatious litigant and entering a pre-filing order against him. *See Molski*, 500 F.3d at 1057-61. The court provided Tate with notice and an opportunity to respond, discussed Tate's numerous prior lawsuits, found the lawsuits to be frivolous and harassing, and narrowly tailored its order to address Tate's particular abuses. *See id.*

Tate's remaining contentions are unpersuasive.

Tate's requests for judicial notice are denied.  *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining to take judicial notice of documents that were not relevant to the resolution of the appeal).

Tate's motion to consolidate appeals is denied as moot.

**AFFIRMED.**