**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM B. BURLEIGH, | No. 09-15908 |
| Plaintiff - Appellant, | D.C. No. 5:07-cv-02332-RMW |
| v. | |
| COUNTY OF MONTEREY, a public entity, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

William B. Burleigh appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging that the County of Monterey

violated his equal protection and due process rights.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment because Burleigh failed to raise a genuine issue of material fact as to whether defendant violated his rights by denying him a building permit.  *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) ("In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the [government entity] intentionally, and without rational basis, treated the plaintiff differently from others similarly situated."); *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (procedural due process violation requires a deprivation of a protected liberty interest by the government and lack of process); *Dodd v. Hood River Cnty.*, 59 F.3d 852, 864 (9th Cir. 1995) ("Federal judicial interference with a local government zoning decision is proper only where the government body could have no legitimate reason for its decision.").

We do not address issues that Burleigh has not raised or argued on appeal. *See Cook v. Schriro*, 538 F.3d 1000, 1014 n.5 (9th Cir. 2008).

**AFFIRMED.**

09-15908