

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIERRA NEVADA SW ENTERPRISES, LTD., a Nevada limited company; NEVADA NORTHWEST, LLC, a Nevada limited liability company, | No. 11-16451 |
| | D.C. No. 3:10-cv-00354-RCJ-RAM |
| Plaintiffs - Appellants, | |
| v. | MEMORANDUM[*] |
| DOUGLAS COUNTY, a political subdivision of the State of Nevada; T. MICHAEL BROWN, Douglas County Manager, in his official and individual capacity; MIMI ROSS, Douglas County Community Development Director, in her official and individual capacity; MICHAEL A. OLSON; DAVID J. BRADY; NANCY McDERMID; GREG LYNN; DOUG N. JOHNSON, | |
| Defendants - Appellees, | |
| PERI ENTERPRISES, LLC, a Nevada limited liability company, | |
| and | |
| Real-party-in-interest - Appellee. | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted January 17, 2013
San Francisco, California

Before: TASHIMA and GRABER, Circuit Judges, and ADELMAN,[**] District Judge.

Plaintiffs Sierra Nevada SW Enterprises, Ltd., and Nevada Northwest, LLC, who own and develop land in Nevada, commenced this action under 42 U.S.C. § 1983 for alleged violations of their federal constitutional rights by Defendants Douglas County ("County"), T. Michael Brown, Mimi Moss, Michael A. Olson, David J. Brady, Nancy McDermid, Greg Lynn, and Doug N. Johnson. Plaintiffs claim that Defendants' approval of a development agreement and amendment of the County's master zoning plan, to the benefit of real-party-in-interest Peri Enterprises, LLC, violated their rights to due process and equal protection under the Fourteenth Amendment and effected an uncompensated taking in violation of the Fifth Amendment.

---

[**] The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

2

The district court granted Defendants' motion for judgment on the pleadings, and Plaintiffs timely appeal. Reviewing de novo, Harris v. Cnty. of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012), we affirm.

1. We assume, without deciding, that the transferrable development rights ("TDRs") created by section 20.500 of the Douglas County Code constitute property rights for purposes of this federal constitutional analysis.

2. The district court correctly dismissed Plaintiffs' procedural due process claim. As relevant here, a procedural due process violation consists of "(1) a deprivation of a constitutionally protected . . . property interest, and (2) a denial of adequate procedural protections." Brewster v. Bd. of Educ., 149 F.3d 971, 982 (9th Cir. 1998). The allegations of the complaint fail to establish the first. Plaintiffs do not allege that Defendants deprived them of their TDRs; they allege only that the approval of the development agreement and master plan amendment diminished the value of those TDRs by reducing demand in the TDR market as a whole. An indirect impact of that kind is not a "deprivation" for purposes of procedural due process. See Dumas v. Kipp, 90 F.3d 386, 392 (9th Cir. 1996) ("Procedural due process protections do not extend to those who suffer indirect harm from government action."); cf. Shanks v. Dressel, 540 F.3d 1082, 1088 (9th Cir. 2008) (holding that, where a city granted a permit for a development that

3

might have indirect, negative effects, "economic, aesthetic or otherwise," on a third party's property, those effects did not amount to "a <u>governmental</u> deprivation" of that property).[1]

3. The district court correctly dismissed Plaintiffs' substantive due process claim. To state such a claim, a plaintiff must allege (1) "that a state actor deprived it of a constitutionally protected . . . property interest," <u>Shanks</u>, 540 F.3d at 1087, and (2) that the governmental action was "arbitrary and capricious," <u>Halverson v. Skagit Cnty.</u>, 42 F.3d 1257, 1261 (9th Cir. 1995) .

Plaintiffs fail to meet the first requirement for the same reasons set forth with respect to their procedural due process claim. <u>See</u> <u>Gerhart v. Lake Cnty.</u>, 637 F.3d 1013, 1019 (9th Cir.), <u>cert. denied</u>, 132 S. Ct. 249 (2011) (applying the same analysis as to whether a plaintiff was deprived of a constitutionally protected interest with respect to both substantive and procedural due process claims).

Plaintiffs also fail to meet the second requirement. "[O]nly egregious official conduct can be said to be arbitrary in the constitutional sense: it must amount to an abuse of power lacking any reasonable justification in the service of a

_____

[1] Plaintiffs do not claim to have a property interest in the denial of Peri's proposal itself. In any event, they do not. <u>Cf.</u> <u>Shanks</u>, 540 F.3d at 1089–90 (rejecting claim that a party had a property interest in the denial of a third party's permit application unless the city complied with applicable local ordinances).

4

legitimate governmental objective." Shanks, 540 F.3d at 1088 (internal quotation marks omitted); cf. Dodd v. Hood River Cnty., 59 F.3d 852, 864 (9th Cir. 1995) ("Federal judicial interference with a local government zoning decision is proper only where the government body could have no legitimate reason for its decision."). Here, reasonable justifications existed for the County's alleged actions; for example, the development agreement ensured that Peri would expeditiously undertake various public infrastructure improvements.

4. The district court correctly dismissed Plaintiffs' equal protection claim. Plaintiffs assert a "class of one" claim, and they do not allege that Defendants' actions implicate a fundamental right or suspect classification, so they must allege that Defendants "(1) intentionally (2) treated [them] differently than other similarly situated property owners, (3) without a rational basis." Gerhart, 637 F.3d at 1022.

As a threshold matter, the complaint does not establish a true "class of one" claim because it alleges only that Peri was subjected to individualized preferential treatment, not that Plaintiffs were subjected to individualized adverse treatment. In any event, Plaintiffs were not "similarly situated" to Peri. They did not apply for a development agreement of the kind that Peri did. Moreover, the involved parties' properties are each uniquely situated geographically and their development proposals were separated in time, so their applications raised different

5

considerations. With respect to the third element of Plaintiffs' claim, as explained, the County had rational, legitimate grounds for approving the Peri agreement.

5. The district court correctly dismissed Plaintiffs' takings claim. A per se taking requires that the government action deprived them of "all economically beneficial or productive use" of the affected property. Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1015 (1992). Plaintiffs do not plausibly allege such a deprivation. They do not assert that the price of TDRs in Douglas County has actually collapsed; they merely speculate regarding what other landowners might think about the Peri agreement and the effect of those possible thoughts on demand. That "sheer possibility" of a taking is inadequate to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Nor can Plaintiffs state a claim under Penn Central Transportation Co. v. City of New York, 438 U.S. 104, 124 (1978). See Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 538–39 (2005) (listing the factors that are relevant in a Penn Central inquiry as (1) "the economic impact of the regulation on the claimant," (2) "the extent to which the regulation has interfered with distinct investment-backed expectations," and (3) "the character of the governmental action." (internal quotation marks and brackets omitted)). Even if Defendants' conduct diminished the value of Plaintiffs' TDRs to some extent, the latter two factors preclude a Penn

6

Central claim.  As to the second, Defendants acted on legal authority that existed at the time of Plaintiffs' investments.  As to the third, the grant of development rights to a third party on a different parcel does not have the character of a "classic taking in which government directly appropriates private property or ousts the owner from his domain."  Id. at 539.

**AFFIRMED.**