**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW CONTASTI; et al., | No. 14-55197 |
| Plaintiffs - Appellants, | D.C. No. 3:09-cv-01371-WQH-BLM |
| v. | |
| CITY OF SOLANO BEACH, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted February 11, 2016[**]
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

Plaintiffs Andrew Contasti, Annette Contasti, and Joe Hernandez appeal

from the district court's entry of judgment in favor of the defendant City of Solana

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Beach. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand for further proceedings.

## I. Due Process

The district court granted the defendant's motions in limine to preclude evidence, testimony, or argument relating to the plaintiffs' procedural and substantive due process claims. It entered judgment in favor of the defendant on these claims. We affirm the judgment as to the due process claims.

To obtain relief on a procedural due process claim, even assuming the existence of a property interest at stake, the plaintiffs must establish a "lack of process." *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). Here, the defendant provided notice of its intent to consider the relevant permit applications, held a public hearing on the applications, and issued a formal resolution denying the applications for Lot 10. Thus, plaintiffs' procedural due process claim fails as a matter of law.

To obtain relief on a substantive due process claim, assuming the existence of a cognizable property interest, the plaintiff must show that the government's conduct "fail[ed] to advance any legitimate government purpose." *Shanks*, 540 F.3d at 1088. Contasti has failed to meet that burden here. The resolution denying

the Lot 10 application provided a rational explanation for denial of the permit. It stated that the proposed structure would have been "incompatible with other nearby development" based on its square footage, particularly taking into account the impact of Ordinance 357 on future developments. The decision was not, therefore, "an 'abuse of power' lacking any 'reasonable justification in the service of a legitimate governmental objective.'" *Id.* (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). The substantive due process claim consequently fails as a matter of law.

## II. Equal Protection

The district court also granted the defendant's motion in limine to preclude evidence, testimony, or argument relating to plaintiffs' equal protection class-of-one claim. It entered judgment in favor of the defendant on the equal protection claim. We vacate the judgment in this respect and remand for further proceedings.

The district court concluded that the equal protection claim failed as a matter of law based on *Towery v. Brewer*, 672 F.3d 650 (9th Cir. 2012). In *Towery*, this Court wrote that "[t]he class-of-one doctrine does not apply to forms of state action that 'by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments.'" *Id.* at 660 (quoting *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 603 (2008)). However, in *Towery* we went on to

3

note that the class-of-one theory is inapplicable only "[a]bsent any pattern of generally exercising the discretion in a particular manner while treating one individual differently *and* detrimentally." *Id.* at 660–61.

Here, the plaintiffs have stated a viable class-of-one claim based on the defendant's treatment of permit applications for other projects. According to a declaration submitted by one of the plaintiffs, in the year before they applied for permits, the defendant approved other developments on the same street as the proposed Lot 10 development. These developments ranged in size from 4,209 square feet to 4,263 square feet. The proposed development for Lot 10 was 4,387 square feet in size, and the defendant rejected the permit applications for Lot 10 solely because it concluded that the proposed development was too large. The proposed Lot 10 development was only 3 or 4 percent larger than the other developments that the defendant had recently approved on the same street. These facts support an inference that the defendant treated the plaintiffs "differently *and* detrimentally" when compared with other permit applicants. Thus, *Towery* does not preclude trial of their class-of-one claim.

Each party shall bear their own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART; REMANDED FOR FURTHER PROCEEDINGS.**

4