NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RANDALL MILLER, et al.,

  Plaintiffs-Appellants,

v.

CITY OF SANTA MONICA, et al.,

  Defendants-Appellees.

No.   17-55516

D.C. No.
2:16-cv-03142-SJO-AS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted July 11, 2018
Pasadena, California

Before:  BERZON and N.R. SMITH, Circuit Judges, and CASTEL,[**] District
Judge.

  Plaintiffs Randall Miller, Sixteenth Street Medical Center, LP, and Nautilus

Group 16th Street, LLC appeal the district court's order granting defendants'

---

  [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
  [**]   The Honorable P. Kevin Castel, United States District Judge for the
Southern District of New York, sitting by designation.

motion for judgment on the pleadings. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. <u>Federal Due Process Claim.</u> The district court correctly determined that plaintiffs have not adequately alleged a property interest sufficient to trigger due process protection. Plaintiffs alleged that they had a contractual "right to manage . . . and receive any and all revenues associated with" a parking facility owned by a third-party. Plaintiffs have not provided, and research does not reveal, any support for the proposition that such an interest amounts to a property interest under California law. *See Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 985–86 (9th Cir. 2011) (explaining that state law creates the "underlying substantive interest of a due process claim"). And although a party may have a protected property interest in a license, *see, e.g.*, *Gerhart v. Lake County*, 637 F.3d 1013, 1019 (9th Cir. 2011), that interest generally exists "[o]nly if the governing statute compels a result 'upon compliance with certain criteria, none of which involve the exercise of discretion by the reviewing body,'" *Shanks v. Dressel*, 540 F.3d 1082, 1091 (9th Cir. 2008) (quoting *Thornton v. City of St. Helens*, 425 F.3d 1158, 1165 (9th Cir. 2005)). The relevant statute states that the decision-maker "*may* approve" a license application if certain criteria are met. SANTA MONICA, CAL., MUN. CODE § 8.48.070 (emphasis added). It provides the decision-maker

2

with significant discretion in deciding whether to grant a license and, thus, does not create a constitutionally protected property interest.

2. Federal Equal Protection Claim. The district court also correctly held that plaintiffs did not state a plausible class-of-one equal protection claim. To allege a viable class-of-one equal protection claim, a plaintiff must plausibly allege "that the [defendant] intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). Plaintiffs have not presented allegations from which it could be inferred that they were treated differently from others similarly situated. They did not, for example, point to a practice of allowing an appeal from the denial of a license application to proceed over the objection of the property owner, nor did they identify any individual or entity that had been allowed to proceed on appeal in such circumstances.

3. Leave to Amend. The district court did not err when it dismissed the complaint without leave to amend. Plaintiffs were represented throughout these proceedings by capable counsel. Before defendants filed their motion for judgment on the pleadings, the district court ordered that "[a]ny stipulation or motion to amend as to any claims, defenses and/or parties shall be lodged/filed by no later than January 2, 2017, failing which it shall be deemed that party's waiver of any such amendments in this action." This deadline passed without plaintiffs

3

moving to amend, and defendants subsequently moved for judgment on the pleadings.

With defendants' motion outlining the asserted deficiencies in plaintiffs' complaint in hand, plaintiffs did not request leave to amend. When the district court granted defendants' motion, the Clerk did not enter judgment. Plaintiffs, at this point, could have requested leave to amend their complaint without having to move to reopen the judgment. *See Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1217 (9th Cir. 2012). Instead, plaintiffs elected to appeal.

A district court order limiting the time for amendments to the pleadings may be modified only for "good cause," and none has been shown. FED. R. CIV. P. 16(b)(3)(A), (b)(4); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015). The district court, therefore, did not err in dismissing plaintiffs' complaint without leave to amend after the deadline to amend had passed.

**AFFIRMED.**