**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JONNA CORPORATION, DBA Premier Recycling Company

Plaintiff-Appellant,

v.

CITY OF SUNNYVALE,

Defendant-Appellee.

No. 17-17459

D.C. No.
17-cv-00956-LHK-HRL

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted February 15, 2019[**]
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and LASNIK,[***] District Judge.

Jonna Corporation, dba Premier Recycling Company ("Premier"), appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[**] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

the dismissal of its First Amended Complaint ("FAC") on November 9, 2017. We have jurisdiction under 8 U.S.C. § 1291, and we affirm.

We review de novo a dismissal of a complaint, and we review for abuse of discretion a denial of leave to amend a complaint. United States ex rel. Anita Silingo v. WellPoint, Inc., 904 F.3d 667, 676 (9th Cir. 2018); (citing United States v. Corinthian Colleges, 655 F.3d 984, 991, 995 (9th Cir. 2011)).

The City of Sunnyvale ("the City") has an exclusive franchise arrangement for the collection of waste and recycling materials with Bay Counties Waste Services. The California Supreme Court held in 1994 that cities were authorized to grant exclusive franchises of this sort for "solid waste." Waste Mgmt. of the Desert, Inc. v. Palm Springs Recycling Ctr., Inc., 869 P.2d 440, 442 (Cal. 1994) (in bank). In its FAC, Premier challenged the City's exclusive franchise, alleging a declaratory relief action premised on the Takings Clause of the United States Constitution and the Fourteenth Amendment's guarantee of substantive due process. In its opposition to the City's motion to dismiss, it abandoned its Takings Clause claim, and clarified that its due process claim was based not on any actions by the City, but on the California Supreme Court's definition of "waste," which includes within its ambit the construction and demolition debris that Premier collects. Waste Mgmt. of the Desert, Inc., 869 P.2d at 445. To the extent that Premier now asserts a substantive due process violation by the City, those claims

have been waived. <u>Solis v. Matheson</u>, 563 F.3d 425, 437 (9th Cir. 2009).

As Premier concedes, we must apply rational basis review to its claims. <u>Witt v. Dep't of Air Force</u>, 527 F.3d 806, 817 (9th Cir. 2008). Under this standard, "only egregious official conduct can be said to be arbitrary in the constitutional sense: it must amount to an abuse of power lacking any reasonable justification in the service of a legitimate governmental objective." <u>Shanks v. Dressel</u>, 540 F.3d 1082, 1088 (9th Cir. 2008) (quoting <u>Cty. of Sacramento v. Lewis</u>, 523 U.S. 833, 846 (1998)) (internal quotation marks omitted). Even assuming, as the district court did, that Premier's substantive due process claim based on a state court's interpretation of state law is sustainable in a federal court, Premier does not satisfy this "exceedingly high burden." <u>Id</u>. (quoting <u>Matsuda v. City & County of Honolulu</u>, 512 F.3d 1148, 1156 (9th Cir. 2008)). It expressed disagreement with the California Supreme Court's definition of "waste," <u>Waste Mgmt. of the Desert, Inc.</u>, 869 P.2d at 444, but it pleaded no facts to support its allegations that the decision was "constitutionally arbitrary." <u>Shanks</u>, 540 F.3d at 1089. The district court did not err in dismissing the FAC. Nor did it abuse its discretion in denying leave to amend. <u>See Carvalho v. Equifax Info. Servs., LLC</u>, 629 F.3d 876, 892-93 (9th Cir. 2010).

**AFFIRMED**.

17-17459