Sean Ellington BRAZIL, Sr.,
Plaintiff—Appellant,

v.

G.A. RICE; et al., Defendants—
Appellees.

No. 07–15637.

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Dec. 17, 2008.*

Filed Jan. 14, 2009.

Sean Ellington Brazil, Sr., Soledad, CA, pro se.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

## MEMORANDUM **

Sean Ellington Brazil, Sr., a California state prisoner, appeals pro se from the district court's judgment dismissing pursuant to 28 U.S.C. § 1915A his civil rights action and from the order denying his motions for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal at the screening level, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000), and review for an abuse of discretion a denial of a motion for reconsideration, *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993). We affirm.

■ The district court properly dismissed the due process claim because the constitutionality of the alleged retaliation could be challenged under the First Amendment. *See Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir.1998) (dismissing due process claim where the government conduct could be challenged under a more specific constitutional provision). Further, the amended complaint does not allege a protected liberty interest. *See Washington v. Glucksberg*, 521 U.S. 702, 727, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997) (explaining that the Fourteenth Amendment protects "personal activities and decisions that this Court has identified as so deeply rooted in our history and traditions, or so fundamental to our concept of constitutionally ordered liberty"); *Shanks v. Dressel*, 540 F.3d 1082, 1089 (9th Cir.2008) (observ-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing that not every state law violation gives rise to a due process claim).

■ The district court properly dismissed the First Amendment retaliation claim because the amended complaint pleads the existence of a legitimate penological objective for defendant Rice's conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.2005) (describing elements of a First Amendment retaliation claim).

The district court properly dismissed the Eighth Amendment claim because the amended complaint does not allege that Brazil suffered any physical injury. *See* 42 U.S.C. § 1997e(e).

The district court properly dismissed the claims against the supervisory defendants. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 486 n. 14 (9th Cir. 2007) (stating that the question of supervisorial liability is moot if the plaintiff fails to establish a constitutional violation).

The district court did not abuse its discretion by denying Brazil's motions for reconsideration because Brazil failed to demonstrate any ground for relief from judgment. *See Sch. Dist. No. 1J*, 5 F.3d at 1263.

**AFFIRMED.**

