Robert V. TUZON, Plaintiff–Appellant,

v.

Wanda HOFMANN, named as Wanda E. Hofmann, sued in her individual & official capacity; et al., Defendants–Appellees.

No. 07–15055.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 7, 2009.

Robert V. Tuzon, Tucson, AZ, pro se.

Linda Matson, Esq., Office of the Arizona, Attorney General, Liability Management Section, Tucson, AZ, for Defendants–Appellees.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Robert V. Tuzon appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action, without prejudice, for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Wyatt v. Terhune,* 315 F.3d 1108,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1117 (9th Cir.2003), and may affirm on any ground supported by the record, *Shanks v. Dressel,* 540 F.3d 1082, 1086 (9th Cir.2008). We affirm in part, vacate in part, and remand.

■ The district court properly dismissed Tuzon's claims concerning his medical files because Tuzon did not appeal his grievance to the director's level of review. *See Woodford v. Ngo,* 548 U.S. 81, 90–91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that "proper exhaustion" requires adherence to administrative procedural rules). Moreover, Tuzon failed to show that he was prevented from exhausting.

■ The defendants failed to present evidence showing that Tuzon's compliance with the "staff" grievance procedure was inadequate to exhaust Tuzon's failure-to-protect claims under these circumstances. Moreover, the document submitted to the district court by the defendants was insufficient to show that Tuzon's "staff" grievance had been returned with a legible notation that it had not been processed for failure to comply with the separate "protective segregation" procedure. Thus, defendants did not meet their burden of proving nonexhaustion. *See Wyatt,* 315 F.3d at 1119 (holding that the defendants have the burden of raising and proving the absence of exhaustion). We remand to the district court for further proceedings on the failure-to-protect claims.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.