MEMORANDUM ***
Christine Chang appeals pro se from the district court’s judgment in her action alleging violations of 42 U.S.C. § 1983 and various state laws, and conspiracy to violate her rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir.2008), and we affirm.
The district court properly granted summary judgment for the Rockridge Manor defendants because Chang’s claims are barred by the release Chang executed in connection with the settlement of her state court action against these defendants. See Marder v. Lopez, 450 F.3d 445, 449-50 (9th Cir.2006) (discussing release of claims under California law).
The district court properly dismissed the claims against the University defendants because some of Chang’s claims are time-barred, see Cal.Civ.Proc.Code § 335.1 (two-year statute of limitations for assault, battery, and personal injury), and the remaining claims fail to state a claim for relief, see Shanks, 540 F.3d at 1090 (elements of a procedural due process claim under section 1983); Rusheen v. Cohen, 37 Cal.4th 1048, 39 Cal.Rptr.3d 516, 128 P.3d 713, 718 (2006) (elements of an abuse of process claim under California law); Lazar *367 v. Superior Court, 12 Cal.4th 631, 49 Cal.Rptr.2d 377, 909 P.2d 981, 984 (1996) (elements of a fraud claim under California law).
The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Chang’s state law claims against the attorney defendants. See 28 U.S.C. § 1367(c)(3); see also Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir.2001) (explaining that a district court may decline to exercise supplemental jurisdiction over related state law claims after it dismisses the claims over which it has original jurisdiction).
We decline to consider Chang’s contentions raised for the first time in her reply brief. See Cedano-Viera v. Ashcroft, 324 F.3d 1062, 1066 n. 5 (9th Cir.2003).
Chang’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.