**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL BASHKIN, | No. 09-55455 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00995-LAB-CAB |
| v. | |
| MICHAEL J. HICKMAN, an individual; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Paul Bashkin appeals pro se from the district court's judgment dismissing

his 42 U.S.C. §§ 1983 and 1985 action challenging a state court decision declaring

him a vexatious litigant.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo.  *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (jurisdictional dismissal under the *Rooker-Feldman* doctrine); *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008) (dismissal for failure to state a claim).  We affirm.

The district court properly concluded that the *Rooker-Feldman* doctrine barred Bashkin's action to the extent that he challenged the vexatious litigant order and any other state court orders and judgments, because the action is a "forbidden de facto appeal" of state court judgments, and raises constitutional claims that are "inextricably intertwined" with those prior state court judgments.  *Noel*, 341 F.3d at 1158.  Contrary to Bashkin's argument, "*Rooker-Feldman* applies where the plaintiff in federal court claims that the state court did not have jurisdiction to render a judgment."  *Doe v. Mann*, 415 F.3d 1038, 1043 n.6 (9th Cir. 2005).

The district court properly dismissed the due process claims because the record shows that Bashkin received due process prior to the state court's entry of the vexatious litigant order.  *See Shanks*, 540 F.3d at 1090 (elements of procedural due process claim).

Bashkin's remaining contentions are unpersuasive.

**AFFIRMED.**

09-55455