

FILED

JUN 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LOTHAR KUSTER,

              Plaintiff - Appellant,

  v.

MICHAEL W. FOLEY, Director of
Planning for the County of Maui (as an
individual); CHARLES VILLALON,
Building Inspector for the County of Maui
(as an individual); TY FUKUROKU,
Engineer for the County of Maui (as an
individual); JAY ARAKAWA, Zoning
Inspector for the County of Maui (as an
individual); COUNTY OF MAUI, a
governmental entity,

              Defendants - Appellees.

No. 08-16552

D.C. Nos.    1:07-CV-00264-
SOM-BMK
                 1:07-CV-00265-
SOM-BMK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted October 13, 2010
Submission Deferred October 14, 2010
Resubmitted April 13, 2011
Honolulu, Hawaii

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: HAWKINS, McKEOWN, and RAWLINSON, Circuit Judges.

Appellant Lothar Kuster (Kuster) appeals the district court's order granting Appellees' motion for summary judgment on Kuster's claims for relief pursuant to 42 U.S.C. §§ 1983 and 1985.

"To prevail in a civil action against state actors for the deprivation of rights, privileges, or immunities secured by the Constitution and laws, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (citations, alterations and internal quotation marks omitted). Kuster advances four constitutional bases for his § 1983 action against the individual defendants: (a) violation of his procedural due process rights; (b) violation of his right to substantive due process; (c) violation of his rights to equal protection of the law; and (d) retaliation in violation of his First Amendment rights.

A.    Procedural Due Process

Kuster contends that although he satisfied all the requirements, Appellees failed to issue him a building permit, in violation of the Special Management Area (SMA) Rules governing the permit issuance process. *See* Maui, Haw., Planning

Commission, SMA Rules § 12-202-12. As the reviewing body has discretion to issue a permit, Kuster does not have a protectable property interest in one, and therefore cannot demonstrate deprivation of a federal due process right. *See Shanks v. Dressel*, 540 F.3d 1082, 1091 (9th Cir. 2008) ("Only if the governing statute compels a result upon compliance with certain criteria, none of which involve the exercise of discretion by the reviewing body, does it create a constitutionally protected property interest. . .") (citations and internal quotation marks omitted).

B.     Substantive Due Process

To assert a substantive due process claim, a party must "establish that the [government's] actions were arbitrary and irrational and had no relationship to a legitimate government objective." *City of Los Angeles v. McLaughlin*, 865 F.2d 1084, 1088 (9th Cir. 1989) (citation omitted). "A substantive due process claim does not require proof that all use of the property has been denied, but rather that the interference with property rights was irrational or arbitrary." *Bateson v. Geisse*, 857 F.2d 1300, 1303 (9th Cir. 1988) (citations omitted). "The irreducible minimum of a substantive due process claim challenging land use regulation is failure to advance any governmental purpose." *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 484 (9th Cir. 2008) (citation omitted).

3

Kuster failed to demonstrate that the delay in the permit application process was due to arbitrary and capricious conduct. Kuster presented no evidence that the Planning Director responsible for issuance of the permit was aware of Kuster's contentious relationship with his neighbors or that he would be sympathetic to them while antagonistic toward Kuster. Kuster similarly presented no evidence that the Planning Director even read his letters complaining of delays. Appellees presented evidence that the delay in processing, although regrettable, was due to understaffing and a backlog. Having failed to provide any evidence to the contrary, Kuster did not raise an issue of a material fact with respect to his substantive due process claim.

C.    Equal Protection

Kuster contends that he was treated differently than similarly situated building permit applicants. However, Kuster failed to raise a genuine issue of material fact "that the discriminatory treatment was intentionally directed just at him, as opposed to being an accident or a random act," *N. Pacifica LLC*, 526 F.3d at 486 (citation, alteration, and internal quotation marks omitted) (discussing the requirements for an equal protection claim premised on a "class of one" theory), or that he is similarly situated to other applicants who were treated more favorably,

4

*see SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002).

The summary of public records proffered by Kuster is not admissible evidence because the underlying documents were not accessible on the referenced website. *See City of Phoenix v. Com/Sys., Inc.* 706 F.2d 1033, 1038 (9th Cir. 1983).

D.    Retaliation

Kuster asserts that the individual Appellees harassed him because he filed a quiet title action and multiple police reports against his neighbors, and sent complaint letters to the County about its permit issuance process. However, Kuster failed to raise a genuine issue of a material fact regarding whether his conduct "was a substantial or motivating factor in the [Appellees'] decision." *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (citation and internal quotation marks omitted). Indeed, there is no evidence in the record that any government official took affirmative steps to prevent or delay action on Kuster's application.

Because Kuster failed to provide sufficient evidence to raise a material issue of fact regarding violation of any constitutional right, summary judgment in favor

of the individual defendants was appropriate. *See Ove v. Gwinn*, 264 F.3d 817, 824, (9th Cir. 2001).

Finally, Kuster's § 1983 claim against the County of Maui fails because absent a constitutional, Kuster cannot maintain his claim against the government entity. *See Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1021 (9th Cir. 2010).

**AFFIRMED.**