**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WILLIAM J. WHITSITT, | No. 08-17516 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-02138-JSW |
| v. | |
| CENTRAL TOWING TRANSPORT, Towing Storage Agency; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

William J. Whitsitt appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising from

a traffic stop.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007). We may affirm on any ground supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008). We affirm.

The Fourth Amendment claims concerning Whitsitt's arrest and the impoundment of Whitsitt's vehicle were properly dismissed because Whitsitt was driving on a suspended license in violation of state law. *See* Cal. Veh. Code § 14602.6(a)(1) (an officer may arrest a person driving with a suspended license and seize the vehicle); *United States v. Hartz*, 458 F.3d 1011, 1018 (9th Cir. 2006) (an officer has probable cause to make a warrantless arrest if the facts suggest a fair probability that the suspect committed a crime); *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005) ("The violation of a traffic regulation justifies impoundment of a vehicle if the driver is unable to remove the vehicle from a public location without continuing its illegal operation."). Further, even assuming that defendants exceeded their statutory jurisdiction under state law by arresting Whitsitt, there was no Fourth Amendment violation. *See Edgerly v. City & County of San Francisco*, 599 F.3d 946, 956 (9th Cir. 2010) (an arrest does not violate the Fourth Amendment if it is based on probable cause, even if it violates state law).

The district court properly dismissed the due process claims concerning the tow hearing. *See Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1323-25 (9th

Cir. 1982) (tow hearings under California Vehicle Code § 22852 satisfy due process).

Because Whitsitt failed to state an underlying constitutional claim, he cannot state a claim for conspiracy or municipal liability. *See Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (there is no municipal liability without an underlying constitutional violation); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989) (to show a conspiracy under § 1983, there must be an underlying constitutional violation).

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Gardner v. Martino*, 563 F.3d 981, 990, 992 (9th Cir. 2009).

Whitsitt's remaining contentions are unpersuasive.

In light of our March 12, 2009 order denying Whitsitt's motion for immediate release of vehicle and stating that no motions for reconsideration shall be filed or entertained, we do not consider Whitsitt's February 17, 2011 motion for immediate release of vehicle.

**AFFIRMED.**