**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CENTRAL REGISRATION DEPOSITORY, #1346377 (Paul Merritt Christiansen),<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>FINRA [FINANCIAL INDUSTRY REGULATORY AUTHORITY], successor in interest of NASDDefendant[s],<br><br>       Defendant - Appellee. | No. 10-56121<br><br>D.C. No. 8:09-cv-01395-CJC-RNB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted November 21, 2011[**]

Before:     TASHIMA, BERZON, and TALLMAN, Circuit Judges.

Paul Merritt Christiansen, identifying himself as Central Registration

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Depository No. 1346377 ("Christiansen"), appeals pro se from the district court's order dismissing his action against the Financial Industry Regulatory Authority ("FINRA") alleging violation of his right to be nominated for and serve on FINRA's Board of Directors and disclosure of false and injurious information about him to a prospective employer through its Central Registration Depository ("CRD") computer database. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Fed. R. Civ. P. 12(b)(6). *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 811-812 (9th Cir. 2010). We may affirm on any ground supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008). We affirm.

The district court properly concluded that FINRA enjoys absolute immunity from money damages for its regulatory activity, including the maintenance and disclosure of information regarding stockbrokers through the CRD database. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1214 (9th Cir. 1998) ("[The] NASD has immunity when acting in an adjudicatory, prosecutorial, arbitrative or regulatory capacity.").

The district court properly dismissed Christiansen's claim for declaratory relief because his request that he be reinstated and that certain information be purged from his record would require the court to contravene FINRA's properly

adopted rules, and Christiansen offers no authority to support his contention that the district court can override FINRA's rules.

To the extent Christiansen attempted to allege a claim for violation of some constitutional right, dismissal was proper because Christiansen did not allege any facts that would allow a court to draw a reasonable inference that it violated his constitutional rights. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

**AFFIRMED.**