

FILED

**NOT FOR PUBLICATION**

DEC 19 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO VALLES, a married man; GREGORY VEGA, a single man; JAVIER TERAN, husband; SANDRA TERAN, wife; TDI INTERNATIONAL INCORPORATED, an Arizona corporation; T.F. ROBERTSON COMPANIES INCORPORATED, an Arizona corporation; JOHN HARRIS, husband; PATRICIA HARRIS, wife; MARVIN GRENDAHL, husband; DEBORAH GRENDAHL, wife; REUBEN GRINSTEIN, husband; MAXINE GRINSTEIN, wife; RAMON ESCOBOZA, husband; FELICIA ESCOBOZA, wife; STUART R. ENGS, Trustee of the Stuart R. and Jane N. Engs Family Trust; JANE N. ENGS, Trustee of the Stuart R. and Jane N. Engs Family Trust; BASSEEM CHALLANGOE, husband; REEM CHALLANGOE, wife; HADEEL ARENY, Trustee of the Hadeel Areny trust; JORGE ALVAREZ, a single man; MARK ARELLANO, husband; LORENA ARELLANO, wife; ISMAT AWDISH, husband AKA Luke Awdish; HALLA AWDISH, wife, <br><br> Plaintiffs - Appellants, | No. 11-15794 <br><br> D.C. No. 4:08-cv-00009-FRZ-JCG <br><br> MEMORANDUM[*] |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

COUNTY OF PIMA, a political
subdivision of the State of Arizona,

Defendant - Appellee.

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Submitted December 5, 2012[**]
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

Valles et al. ("Lot Owners") appeal from the district court's grant of summary judgment for the County of Pima ("the County") on their claims under 42 U.S.C. § 1983 and state law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The Lot Owners raised four claims: promissory estoppel, substantive due process, Fifth Amendment taking, and negligence. The district court correctly granted summary judgment to the County on each of these claims. The Lot Owners cannot establish promissory estoppel because the County made no promise to them which they could have reasonably relied upon. *Chewning v. Palmer*, 650

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

P.2d 438, 440 (Ariz. 1982). The County took no action which could support a substantive due process claim. *See Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008) ("'failure-to-protect' and 'failure-to-enforce' allegations do not suffice" as substantive due process claims). Similarly, the County took no regulatory action which could support a takings claim. *See Penn Central Transp. Co. v. City of New York*, 438 U.S. 104, 130 (1978) (evaluating when a particular government *action* constitutes a taking). Finally, the Lot Owners cannot prevail on their negligence claims, since the County and County officials are protected by Arizona's qualified immunity statute. Ariz. Rev. Stat. § 12-820.02. The County has established that its employees were not grossly negligent. *See Walls v. Ariz. Dep't of Public Safety*, 826 P.2d 1217, 1221 (Ariz. Ct. App. 1991).

**AFFIRMED.**