FILED

OCT 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WESTGATE COMMUNICATIONS, LLC, a Washington limited liability company, dba "WeavTel," <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CHELAN COUNTY, <br><br> Defendant - Appellee. | No. 12-35563 <br><br> D.C. No. 2:08-cv-00004-RMP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Argued and Submitted October 11, 2013
Seattle, Washington

Before:  TASHIMA, GRABER, and MURGUIA, Circuit Judges.

Plaintiff Westgate Communications, LLC, doing business as WeavTel,

appeals the district court's judgment in favor of Defendant Chelan County,

following a bench trial in this 42 U.S.C. § 1983 action alleging that the County's

delay in issuing an administrative use permit violated Plaintiff's due process rights.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Reviewing "the district court's findings of fact for clear error and its legal conclusions de novo," Lee v. W. Coast Life Ins. Co., 688 F.3d 1004, 1009 (9th Cir. 2012) (internal quotation marks omitted), we affirm.

Plaintiff failed to establish that it had a protected property interest before receiving the permit. A local government's denial of a completed land use application in conformity with all applicable codes is a deprivation of a protected property interest. Bateson v. Geisse, 857 F.2d 1300, 1303 (9th Cir. 1988). But the County correctly held that Plaintiff's permit application was not complete because Plaintiff had obtained neither a shoreline permit nor an amendment to the County's floodplain map, at least one of which would be required under the County Code and regulations. Although Plaintiff had acquired a "Conditional Letter of Map Amendment" from the Federal Emergency Management Agency, that document was not a substitute for an amendment to the County's floodplain map.

In any event, even if the County's legal interpretation of the effect of the Conditional Letter had been erroneous, "[o]fficial decisions that rest on an erroneous legal interpretation are not necessarily constitutionally arbitrary." Shanks v. Dressel, 540 F.3d 1082, 1089 (9th Cir. 2008). We agree with the district court that Plaintiff failed to meet its "exceedingly high burden" of demonstrating that the County acted in a "constitutionally arbitrary fashion." Id. at 1088.

Nor did the County's denials of Plaintiff's administrative requests for a map amendment violate due process. As the district court held, Chelan County Code section 11.84.020 confers discretion on the Board of Commissioners. Because there is no significant limitation on the Board's discretion, Plaintiff did not have a legitimate expectation of a map amendment.[1] See Gerhart v. Lake County, 637 F.3d 1013, 1019 (9th Cir. 2011) (holding that "state law creates a legitimate claim of entitlement when it imposes significant limitations on the discretion of the decision maker" (internal quotation marks omitted)).

In any event, even if Plaintiff had a legitimate claim of entitlement, its due process rights were not violated, because the administrative denials of map amendments were for a "legitimate governmental objective." Shanks, 540 F.3d at 1088 (internal quotation marks omitted). The first administrative request was for an unapproved elevation. Concerning the second administrative request, a commissioner testified that he denied the map amendment request because of his belief, based on public testimony, that the actual flood level was much higher than

---

[1] For the same reason, the County's denial of Plaintiff's oral motion to amend its requested elevation level did not violate due process. Deciding an oral motion is quintessentially discretionary, and Plaintiff has pointed to no legal standards or rules governing the County's decision-making.

3

the level proposed by Plaintiff.  We agree with the district court that those reasons are legitimate.

Finally, the district court did not abuse its discretion by declining to give binding effect to two statements in the County's memorandum in support of its motion for summary judgment and supporting affidavit.  See Am. Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 227 (9th Cir. 1988) (holding that "statements of fact contained in a brief may be considered admissions of the party in the discretion of the district court").  The district court reasonably held that Plaintiff misread one statement out of context.  The court reasonably declined to consider another statement a judicial admission, where the County inadvertently made the statement, timely confessed error, and retracted the statement.

**AFFIRMED.**