**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GENE PFEIFER; RONALD PFEIFER, | No. 12-35895 |
| Plaintiffs - Appellants, | D.C. No. 6:09-cv-06295-TC |
| v. | |
| CITY OF SILVERTON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Thomas M. Coffin, Magistrate Judge, Presiding[**]

Submitted September 23, 2014[***]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Gene and Ronald Pfeifer appeal pro se from the district court's summary

judgment in their 42 U.S.C. § 1983 action alleging due process and state law

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claims arising from the discovery and removal of chemicals from property occupied by the Pfeifers. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on the Pfeifers' due process claim because the Pfeifers failed to raise a genuine dispute of material fact as to whether defendants deprived them of a constitutionally protected property interest without due process. *See id. at* 1090 (procedural due process violation requires a deprivation of a protected property interest by the government and lack of process).

The district court properly granted summary judgment on the state law claims because the Pfeifers failed to raise a genuine dispute of material fact as to whether defendants were liable on any of these claims. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

We reject as unsupported by the record the Pfeiffers' contention that they were not allowed to conduct any depositions of defendants.

We do not consider issues raised in the opening brief which are not supported by argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993).

Appellees' motion to strike, filed on September 5, 2013, is denied. However, we do not consider any documents that are not part of the district court record. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

**AFFIRMED.**