**NOT FOR PUBLICATION**

AUG 24 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SOUTHERN CALIFORNIA INSTITUTE OF LAW, a California corporation,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>ARCHIE JOE BIGGERS, individually and official capacity; JAMES A. BOLTON, individually and official capacity; J. SCOTT BOVITZ, individually and official capacity; DAVID A. CARRILLO, individually and official capacity; LISA CUMMINS, individually and official capacity; PATRICK R. DIXON, individually and official capacity; COMETRIA C. COOPER, individually and official capacity; RICHARD A. FRANKEL, individually and official capacity; K. V. KUMAR, individually and official capacity; SEAN M. MCCOY, individually and official capacity; JOHN P. MCNICHOLAS, individually and official capacity; SANDRA MENDOZA, individually and official capacity; MARTHA PRUDEN-HAMITER, individually and official capacity; STEVEN J. RENICK, individually and | No. 13-56718<br><br>D.C. No. 8:13-cv-00193-JVS-RNB<br><br>MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

official capacity; SANDRA L. SALAZAR, individually and official capacity; LARRY SHEINGOLD, individually and official capacity; JAMES VAUGHN, individually and official capacity; JEANNE C. VANDERHOFF, individually and official capacity; LEE H. WALLACH, individually and official capacity; PATRICIA P. WHITE, individually and official capacity; ALAN YOCHELSON, individually and official capacity; GEORGE C. LEAL, individually and official capacity,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted August 5, 2015
Pasadena, California

Before: O'SCANNLAIN, SILVERMAN, and WARDLAW, Circuit Judges.

The Southern California Institute of Law (SCIL) appeals the district court's dismissal of its constitutional claims against members of California's Committee of Bar Examiners (CBE). As the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

2

SCIL's due process challenge to the 40% bar-passage requirement fails to state a claim upon which relief may be granted. *First*, SCIL has no property entitlement to receive further accreditation after its current accreditation expires in 2016, as such a decision rests ultimately within CBE's discretion. *See Shanks v. Dressel*, 540 F.3d 1082, 1091 (9th Cir. 2008). Because the challenged Guidelines cannot disturb SCIL's accreditation until 2017 at the earliest, SCIL has no viable claim that such Guidelines will deprive it of its protected interest in accreditation. SCIL has not alleged other property or liberty interests sufficient to support its due process challenge. *See, e.g.*, *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 373–76 (9th Cir. 1999) (en banc) (rejecting due process challenge based on alleged reputational damage to a California business).

*Second*, CBE's adoption of the 40% requirement would nevertheless satisfy rational basis review, as there is certainly a "conceivable basis" that could support such a requirement. *Gallo v. U.S. Dist. Court*, 349 F.3d 1169, 1179 (9th Cir. 2003) (internal quotation marks omitted). CBE "has no obligation to produce evidence to sustain the rationality" of its decision, but rather the burden is on SCIL "to negative every conceivable basis which might support it." *Aleman v. Glickman*, 217 F.3d 1191, 1201 (9th Cir. 2000) (internal quotation marks omitted). SCIL has failed to do so.

3

## II

SCIL's First Amendment challenge to Guideline 2.3(D) fails to state a claim upon which relief may be granted. Such Guideline regulates only commercial speech and thus is properly subject to the test set forth in *Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio*, 471 U.S. 626 (1985). Further, the required disclosure of past bar exam results easily satisfies this standard: such requirement relates only to disclosure of "purely factual and uncontroversial information," and is reasonably related to CBE's legitimate interest in ensuring that prospective law students do not overestimate their prospects of passing the bar after attending an accredited law school. *Id.* at 651. SCIL's concern regarding the *implications* a reader may take from bar passage rates does not alter our inquiry. *Cf. Envtl. Def. Ctr., Inc. v. EPA*, 344 F.3d 832, 850 (9th Cir. 2003) (required disclosure of factual information does not prevent a speaker from "stating its own views" about such facts).

## III

Finally, SCIL's due process challenge to the termination of its course-sequencing waiver does not state a claim upon which relief may be granted. As with its future accreditation, SCIL has no property entitlement to receive a continuing waiver. Such waivers are explicitly temporary in nature, and require

4

annual renewal. SCIL has not alleged sufficient facts to support the conclusion that CBE's history of allowing SCIL's waiver without annual renewal requests created a "legitimate claim of entitlement to"—rather than SCIL's "unilateral expectation of"—an ongoing waiver. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2012) (internal quotation marks omitted). "Longstanding enjoyment of a government benefit, without more, does not create a property right." *Id.* at 1165 n.2. The granting of SCIL's course-sequencing waiver remains subject to CBE's discretion, and thus does not give rise to SCIL's due process claim. *See Shanks*, 540 F.3d at 1091.[1]

**AFFIRMED.**

---

[1] SCIL's Request for Judicial Notice, filed with this court on July 30, 2015, is granted.