

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEIGHBORS FOR NOTICE LLC, a Washington limited liability company,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CITY OF SEATTLE, a municipal corporation; CITY OF SEATTLE DEPARTMENT OF PLANNING & DEVELOPMENT; DIANE SIGIMURA, Director, Department of Planning and Development,<br><br>Defendants - Appellees. | No. 13-36054<br><br>D.C. No. 2:12-cv-02098-TSZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted April 5, 2016
Seattle, Washington

Before:  RAWLINSON, CALLAHAN, and GILMAN,[**] Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Appellant Neighbors For Notice LLC (Neighbors) challenges the district court's dismissal of its complaint alleging that Appellee City of Seattle Department of Planning & Development (Department) violated Neighbors' due process rights when it approved a lot boundary adjustment without public notice. Neighbors contends that it has a protected property interest in challenging the Department's land-use decision pursuant to Washington's Land Use Petition Act (LUPA), *see* RCW § 36.70C.005, a single-family zoning ordinance limiting minimum lot sizes to 5,000 square feet (SF 5000), *see* Seattle Municipal Code § 23.44.010, and the Washington Subdivision Act. *See* RCW § 58.17.010.

The district court properly dismissed Neighbors' LUPA claim on the basis that LUPA does not provide a cognizable property interest in these circumstances. "Not every procedural requirement ordained by state law . . . creates a substantive property interest entitled to constitutional protection." *Shanks v. Dressel*, 540 F.3d 1082, 1091 (9th Cir. 2008) (citations omitted). "Rather, only those rules or understandings that support legitimate claims of entitlement give rise to protected property interests." *Id.* (citation and internal quotation marks omitted). According to the Washington Supreme Court, LUPA was enacted "to reform the process for judicial review of land use decisions made by local jurisdictions, by establishing uniform, expedited appeal procedures and uniform criteria for reviewing such

2

decisions, in order to provide consistent, predictable, and timely judicial review."

*Post v. City of Tacoma*, 217 P.3d 1179, 1183 (Wash. 2009) (en banc) (citations and footnote reference omitted). This procedural-process purpose in no way "creates a substantive property interest entitled to constitutional protection." *Shanks*, 540 F.3d at 1091; *see also Durland v. San Juan Cnty.*, 340 P.3d 191, 202 (Wash. 2014) (en banc) (concluding that the plaintiff had "no claim [under LUPA] because he [did] not have a sufficient property interest to require that notice be given to him") (footnote reference omitted).[1]

**AFFIRMED.**

---

[1] Although the parties focused on Neighbors' LUPA claim at oral argument, SF 5000 and the Washington Subdivision Act do not create cognizable property interests either. *See Durland*, 340 P.3d at 200 (rejecting a due process claim because "there is no mandatory language [in the local code] giving rise to a protected property interest").