
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  BOOKER THEODORE WADE, Jr., | No. 15-60083 |
| Debtor. | BAP No. 14-1562 |
| BOOKER THEODORE WADE, Jr., AKA Booker T. Wade, Jr., | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| ARLENE STEVENS, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Jury, and Taylor, Bankruptcy Judges, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Booker Theodore Wade, Jr., appeals pro se from a judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order overruling Wade's objection to the secured claim of Forest Villa Homeowners Association. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court properly denied Wade's claim objection because Wade lacks standing to prosecute matters on behalf of the bankruptcy estate. *See Heath v. Am. Express Travel Related Servs., Inc. (In re Heath)*, 331 B.R. 424, 429 (9th Cir. BAP 2005) (chapter 7 debtors lack standing to object to claims when the bankruptcy estate is insolvent).

The bankruptcy court properly found that it lacked jurisdiction to adjudicate Wade's claim objection because any adjudication would not have impacted the bankruptcy estate. *See* 28 U.S.C. § 157(b)(1), (c)(1) (bankruptcy court jurisdiction is limited to "cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11" as well as non-core proceedings that are "otherwise related to a case under title 11"); *see also Fietz v. Great W. Savings (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (the "related to" test is "whether the outcome of

the proceeding could conceivably have any effect on the estate being administered in bankruptcy" (citation and internal quotation marks omitted)).

We reject as without merit Wade's contentions that the bankruptcy court violated due process.

We do not consider Wade's contentions related to a separate appeal.

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-60083