NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LES HELGESON, | No. 14-35459 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01222-PK |
| v. | |
| TILLAMOOK COUNTY; et al., | MEMORANDUM * |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted March 6, 2017
Portland, Oregon

Before:  FISHER and FRIEDLAND, Circuit Judges, and MAHAN,** District Judge.

Plaintiff-Appellant Les Helgeson appeals the district court's grant of

summary judgment in favor of Defendants-Appellees Tillamook County,

Tillamook County Sheriff Andy Long, and former County Sheriff Todd Anderson

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

(collectively, "Defendants").  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1.  The district court granted summary judgment for Defendants on Helgeson's substantive due process claim because he had not established a constitutionally protected property or liberty interest.  Even assuming a cognizable property or liberty interest, however, Helgeson cannot meet his "'exceedingly high burden'" of showing executive action that "rises to the level of the constitutionally arbitrary."  *Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir. 2008) (quoting *Matsuda v. City & Cty. of Honolulu*, 512 F.3d 1148, 1156 (9th Cir. 2008)).  Specifically, Helgeson cannot show that Defendants' conduct "amount[ed] to an 'abuse of power' lacking any 'reasonable justification in the service of a legitimate governmental objective.'"  *Id.* (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).  Based on the information available to them, Defendants acted to protect the public from a perceived risk, as permitted by Oregon law.  *See* OR. REV. STAT. § 166.293(2), (3)(a) (2016).  Reasonable minds might disagree about whether that perception was justified, but no reasonable juror could conclude that there was *no* legitimate governmental objective at stake or that there was not a

---

[1] In addition to asserting the substantive due process and equal protection claims we address here, Helgeson initially alleged that Defendants had contravened his Second Amendment right to keep and bear arms.  Helgeson has elected not to pursue that claim further in light of *Peruta v. County of San Diego*, 824 F.3d 919 (9th Cir. 2016) (en banc).

2

reasonable relation between that objective and the sheriffs' actions. Accordingly, we conclude that summary judgment was warranted.[2] *See Shanks*, 540 F.3d at 1088-89.

2. The district court also granted summary judgment for Defendants on Helgeson's claim that he was denied equal protection of the laws because he was singled out for differential treatment as a "class of one." As an initial matter, Helgeson's claim fails as to the individual Defendants because there is no evidence that the sheriffs personally participated in the alleged differential treatment. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Nor has Helgeson shown that he was treated differently than similarly situated persons. *See Gerhart v. Lake Cty.*, 637 F.3d 1013, 1022 (9th Cir. 2011). To the contrary, Helgeson argues that he was treated differently than a person who was *dissimilarly* situated. *Cf. Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) ("Evidence of different treatment of unlike groups does not support an equal protection claim."). In any event, a class-of-one claim cannot be based on executive actions that "by their nature involve discretionary decisionmaking based on . . . subjective, individualized assessments," *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603-04

---

[2] To the extent Helgeson's claim could be construed as a procedural due process challenge, he explicitly waived any such claim in his reply brief. Moreover, Helgeson successfully availed himself of the state's appeal process and obtained a new CHL.

(2008), as did the challenged decisions in this case.

**AFFIRMED.**