NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEXANDER OCASIO, | No. 17-17564 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00956-GMN-NJK |
| v. | |
| WILLIAM PEREZ, et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted August 15, 2018**

Before: FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Alexander Ocasio appeals pro se from the district court's judgment

dismissing his 42 U.S.C § 1983 action alleging constitutional claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

dismissal based on qualified immunity and for failure to state a claim under Fed. R.

Civ. P. 12(b)(6). *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

986, 991 (9th Cir. 2011). We affirm.

The district court properly dismissed Ocasio's Fourth Amendment claims on the basis that defendants Perez and Gribbin were entitled to qualified immunity because at the time of Ocasio's arrest, it would not have been clear to every reasonable officer that an arrest was unlawful under the circumstances. *See Rosenbaum v. Washoe County*, 663 F.3d 1071, 1075-76 (9th Cir. 2011) (explaining two-part test for qualified immunity in the context of a claim for unlawful arrest).

The district court properly dismissed Ocasio's equal protection claims because Ocasio failed to allege facts sufficient to state plausible claims. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998) (§ 1983 equal protection claim must allege facts that are at least susceptible to an inference of intentional discrimination).

The district court properly dismissed Ocasio's Fifth Amendment due process claims against defendants Gruner and Tanner because both are state officials. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (Fifth Amendment due process clause only applies to the federal government).

The district court properly dismissed Ocasio's Fourteenth Amendment due process claims against defendants Gruner and Tanner because Ocasio failed to

allege whether Gruner and Tanner deprived him of a constitutionally protected liberty interest or adequate procedural protections. *See Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008) (explaining substantive due process); *Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998) (explaining requirements for procedural due process).

We reject as meritless Ocasio's contentions that the district court schemed to coerce him to amend his complaint, and that it materially misstated facts of the case.

**AFFIRMED.**