NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEBORAH ANN COLUMBI; DAVID GREGORY WILLENBORG,

Plaintiffs-Appellants,

v.

DEUTSCHE BANK AMERICAS; et al.,

Defendants-Appellees.

No. 18-35677

D.C. No. 2:18-cv-00778-RSL

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted March 12, 2019**

Before: LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Deborah Ann Columbi and David Gregory Willenborg appeal pro se from

the district court's judgment dismissing their action alleging federal and state law

claims arising out of foreclosure proceedings. The district court construed the

action as a removal of the unlawful detention action brought by appellee Stewart

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

McCullum and remanded the case against McCullum to state court and dismissed the claims against the other defendants for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 938 (9th Cir. 2006). We may affirm on any grounds supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008). We affirm.

Although we disagree with the district court's conclusion that plaintiffs' initial filing was a notice of removal rather than a stand-alone complaint, we conclude that the district court lacked subject matter jurisdiction over the action and that the dismissal was proper. Plaintiffs did not allege diversity of citizenship in their complaint. *See* 28 U.S.C. § 1332. Nor did plaintiffs allege a federal cause of action or state-law claims that raised a substantial question of federal law. *See Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) ("A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." (alterations in original) (internal quotation marks omitted)). We therefore affirm the dismissal of the entire action on the basis that the district court lacked subject matter jurisdiction.

**AFFIRMED.**

18-35677