**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SHMUEL ERDE,<br><br>      Debtor.<br><br>------------------------------<br><br>SHMUEL ERDE,<br><br>      Appellant,<br><br> v.<br><br>DAVID EISENBERG; GEORGE VETRANO,<br><br>      Appellees. | No. 20-60002<br><br>BAP No. 19-1083<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Taylor, and Spraker, Bankruptcy Judges

Submitted December 2, 2020[**]

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

Chapter 11 debtor Shmuel Erde appeals pro se from the Bankruptcy

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellate Panel's ("BAP") decision affirming the bankruptcy court's order denying his motion for relief under Federal Rule of Civil Procedure 60(b). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the bankruptcy court's conclusions of law and for clear error its findings of fact. *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010). We may affirm on any ground supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008). We affirm.

Denial of Erde's motion for reconsideration brought under Federal Rule of Civil Procedure 60(b)(2) was not an abuse of discretion because Erde failed to demonstrate grounds for such relief. *See* Fed. R. Civ. P. 60(b)(2); Fed. R. Bankr. P. 9024 (making Rule 60 applicable to bankruptcy cases); *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (setting forth three-part test for relief from judgment under Rule 60(b)(2)); *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review).

We lack jurisdiction over the bankruptcy court's orders dismissing Erde's complaint and amended complaint because Erde's notice of appeal is untimely as to those orders. *See* 28 U.S.C. § 158(c)(2) (an appeal to the BAP must be taken within the time provided by Fed. R. Bankr. P. 8002); Fed. R. Bankr. P. 8002(a)(1), (b)(1)(D) (notice of appeal must be filed within 14 days after entry of the order being appealed; time to file an appeal runs from entry of the order disposing of a

Rule 9024 motion if the motion is filed within 14 days after the judgment is entered); *Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326, 327 (9th Cir. 1994) ("[T]he untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." (citations omitted)).

Erde's motion for leave to file a supplemental brief (Docket Entry No. 23) is granted. The Clerk will file the supplemental brief submitted at Docket Entry No. 22.

All other pending motions and requests are denied.

**AFFIRMED.**