**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VALHALLA CUSTOM HOMES, LLC, Oregon limited liability company, | No. 22-35303 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-00225-JR |
| v. | MEMORANDUM[*] |
| CITY OF PORTLAND, an Oregon Municipal Corporation; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted June 15, 2023[**]
Portland, Oregon

Before: TALLMAN, RAWLINSON, and SUNG, Circuit Judges.

Valhalla Custom Homes, LLC (Valhalla) appeals the dismissal of its claims

arising under 42 U.S.C. § 1983 against the City of Portland and various city

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

officials (collectively, Appellees). Valhalla raised constitutional challenges to provisions of Portland City Code (PCC) 17.28.110, and a policy (DRP 6.03) of the Director of Portland's Bureau of Transportation (PBOT) requiring attached dwellings on abutting lots in Portland to share a driveway. Reviewing *de novo*, we affirm. *See Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023).

**1.** PCC 17.28.110 and DRP 6.03 are not unconstitutionally vague. Notably, Valhalla does not address the language of either provision, but blindly asserts that the provisions are vague because they fail to adequately convey what conduct is prohibited and because they encourage arbitrary enforcement by "vest[ing] unfettered discretion in the Director."

PCC 17.28.110.C.5 provides that the Director "may require joint or shared use of a driveway by two properties in separate ownership" and "establish conditions regarding the number, configuration, and use of driveways necessary to . . . preserve on-street parking." DRP 6.03 "clarif[ied] the requirements for shared driveways."

"[P]eople of ordinary intelligence" would understand that PCC 17.28.110 and DRP 6.03 authorize the Director to require attached dwellings on abutting lots to share a driveway. *Hill v. Colorado*, 530 U.S. 703, 732 (2000). The Director's discretion under DRP 6.03 was not unfettered, as the Policy was limited by PCC

17.28.110, which restricted the purposes for which the Director could require shared driveway use and for which the Director may grant variances. *See* PCC 17.28.110.C.4-5.

**2.** Valhalla does not possess a property interest protected by either the procedural or substantive component of the Fourteenth Amendment's Due Process Clause. A constitutionally protected property interest in a permit arises "[o]nly if the governing statute compels a result upon compliance with certain criteria, none of which involve the exercise of discretion by the reviewing body[.]" *Shanks v. Dressel*, 540 F.3d 1082, 1091 (9th Cir. 2008) (citation and internal quotation marks omitted); *see also id.* at 1087 ("To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty, or property interest. . . .") (citation omitted).

None of the statutes that Valhalla identifies prescribe issuance of a driveway permit according to non-discretionary criteria, and the Director's decision to issue a driveway permit under DRP 6.03 was discretionary. *See* DRP 6.03 ("Any variance from these standards requires formal review and approval by PBOT through a Driveway Design Exception [R]equest."). And the requirement of "clear and objective standards" under Oregon statutes does not necessarily imply non-discretionary criteria. *See, e.g.*, *Roberts v. City of Cannon Beach*, 504 P.3d 1249,

3

1254 n.3 (Or. Ct. App. 2021) ("The legislature has . . . provided that *discretionary* permit approvals must apply clear and objective standards.") (citation omitted) (emphasis added).

**3.** Finally, Valhalla fails to state a plausible equal protection claim. An equal protection claim arises when similarly situated parties are treated differently under the law. *See Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). "We uphold economic classifications so long as there is any reasonably conceivable state of facts that could provide a rational basis for them. . . ." *American Soc'y of Journalists & Authors, Inc. v. Bonta*, 15 F.4th 954, 965 (9th Cir. 2021) (citation and internal quotation marks omitted). Requiring attached dwellings on abutting lots to share a driveway decreases the number of driveways intersecting a curb, thereby increasing the length along that curb available for on-street parking. *See* DRP 6.03. Facilitating on-street parking is a legitimate government interest. *See Southern Pac. Trans. Co. v. City of Los Angeles*, 922 F.2d 498, 501, 507 (9th Cir. 1990). Thus, denying Valhalla a driveway permit was rationally related to the legitimate government interest of facilitating on-street parking.

**AFFIRMED.**[1]

---

[1]In view of our conclusion that Valhalla fails to plausibly allege a constitutional violation, we need not reach Appellees' argument that the individual defendants are entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).