NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN RYAN,

      Plaintiff - Appellee,

  v.

DAFNE MANSAPIT-SHIMIZU, in her official and individual capacities as the Director of the Guam Department of Revenue and Taxation; MARIE LIZAMA, in her official and individual capacities as the Deputy Director of the Guam Department of Revenue and Taxation,

      Defendants - Appellants,

and

EVELYN VILLAPANDO, in her official capacity and individual capacities, JOHN DOES, 1-15,

      Defendants.

No. 24-4522

D.C. No.
1:23-cv-00015

MEMORANDUM*

Appeal from the District Court of Guam
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted June 4, 2025
Honolulu, Hawaii

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER, CHRISTEN, and DESAI, Circuit Judges.

Defendants Dafne Mansapit-Shimizu and Marie Lizama, officials of the Guam Department of Revenue and Taxation ("DRT"), appeal the district court's order denying their motion to dismiss on qualified immunity grounds. The district court held that plaintiff John Ryan plausibly alleged that defendants violated his clearly established due process rights by secretly settling his qui tam action without giving him notice or an opportunity to be heard, and thus defendants were not entitled to qualified immunity. We have jurisdiction under 28 U.S.C. § 1291. We reverse in part and affirm in part. [1]

We review the denial of a motion to dismiss based on qualified immunity de novo, considering only the "purely legal question" of whether, "accept[ing] as true all well-pleaded allegations of material fact, and constru[ing] them in the light most favorable to the non-moving party," defendants are entitled to qualified immunity. *Hernandez v. City of San Jose*, 897 F.3d 1125, 1131–32 (9th Cir. 2018) (quotations omitted). To defeat qualified immunity, Ryan must plausibly allege that: (1) defendants "violated a statutory or constitutional right;" and (2) the right "was clearly established at the time of the challenged conduct." *DePaul Indus. v. Miller*, 14 F.4th 1021, 1026 (9th Cir. 2021) (quotation omitted). We "may address these two

---

[1] We grant the parties' motions for judicial notice, Dkts. 8, 18. Fed. R. Evid. 201(b).

prongs in either order." *Evans v. Skolnik*, 997 F.3d 1060, 1064 (9th Cir. 2021) (quotation omitted).

To establish a violation of procedural due process, Ryan must allege "the existence of (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (cleaned up). A state law creates a constitutionally protected property interest when it has "(1) substantive predicates governing official decision making, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met." *James v. Rowlands*, 606 F.3d 646, 656 (9th Cir. 2010) (quotation omitted).

Ryan argues that Guam's False Claims and Whistleblower Act (the "Whistleblower Act") gives him two property interests that trigger due process protection: (1) a property interest in the qui tam action itself, and (2) a property interest in the proceeds recovered from the settlement. He alleges that defendants deprived him of these property interests without due process when they secretly settled his qui tam suit without providing him notice or an opportunity to be heard, and then refused to give him his portion of the proceeds.

1.     We do not reach whether Ryan has a property interest in the qui tam action itself because any such property interest was not "clearly established" at the time the defendants acted. Although the Supreme Court has held that the federal

False Claims Act "gives the relator himself an interest *in the lawsuit*, and not merely the right to retain a fee out of the recovery," *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 772 (2000), it has declined to address whether a relator's interest in such a suit constitutes a protected property interest that triggers due process, *see United States, ex rel. Polansky v. Exec. Health Res.*, 599 U.S. 419, 436 n.4 (2023). No court has held that a relator has a constitutionally protected property interest in a qui tam action brought pursuant to Guam's statutory scheme, and the Whistleblower Act does not "unambiguously create the property interest that [Ryan] claims." *DePaul Indus.*, 14 F.4th at 1027; *Schwenk v. Hartford*, 204 F.3d 1187, 1205 (9th Cir. 2000) ("[A] statute itself, standing alone, may provide sufficient evidence that the law was clearly established at the time of the conduct."). Although the Whistleblower Act clearly gives Ryan the right to pursue a qui tam action if the government declines to intervene, it expressly reserves for the government the right to pursue any alternate remedy, which may include settlement with the delinquent taxpayer. 5 Guam Code Ann. § 37203(e); *see also United States ex rel. Barajas v. United States*, 258 F.3d 1004, 1011–12 (9th Cir. 2001).

There is thus no "controlling authority or [] robust consensus . . . of persuasive authority" establishing a relator's constitutionally protected property interest in a qui tam action, *DePaul Indus.*, 14 F.4th at 1026, and defendants are entitled to qualified

immunity for any alleged due process violations arising from Ryan's interest in the action itself.

2. Ryan does, however, have a "clearly established" protected property interest in proceeds recovered from the qui tam action. The Whistleblower Act states that if the government declines to intervene in a relator's qui tam action, the government "shall award not less than thirty percent (30%) of the collected proceeds . . . resulting from the action (including any related actions) or from any settlement in response to such action." 5 Guam Code Ann. § 37103(b)(7). Under Guam's statute, when the government pursues an alternate remedy, the relator "shall have the same rights in such proceeding as [] [he] would have had if the [qui tam] action had continued." *Id.* § 37203(e). The government has no discretion in awarding the proceeds: if the government declines to intervene, but later settles the suit, it must award the relator his portion of the proceeds. *Id.*; *see also Barajas*, 258 F.3d at 1010. The Whistleblower Act therefore creates a protected property interest in recovered proceeds, and the Act's unequivocal language is "clear enough that every reasonable official would interpret it to establish" that Ryan has a protected property interest in the proceeds. *DePaul Indus.*, 14 F.4th at 1026.

"Once it is determined that due process applies, the question remains what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The relevant inquiry here is whether Ryan plausibly alleged that "he had a 'clearly established' right to

process more comprehensive than" the process he received. *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 984 (9th Cir. 1998).

The most fundamental requirement of due process is notice and an opportunity to be heard. *See Mathews v. Eldridge,* 424 U.S. 319, 333, 348 (1976). As such, Ryan was entitled—at a minimum—to notice that DRT settled his claims upon its receipt of $600,000 from Titan Imports, Inc. ("Titan"). And given the statute's clear creation of a protected property interest in the proceeds and the well-established principle that government officials may not take property without notice, "every reasonable official would know" that Ryan was entitled to notice of the settlement. *DePaul Indus.*, 14 F.4th at 1026.

Defendants did not notify Ryan of their settlement with Titan and withheld his portion of the settlement proceeds. Ryan has thus plausibly alleged that defendants violated his due process rights. And because the Whistleblower Act and our long-standing precedent make clear that Ryan's property interest entitled him to a "right to process more comprehensive than" no process at all, defendants are not entitled to qualified immunity for their failure to provide notice of the settlement. *Brewster*, 149 F.3d at 984.

**AFFIRM in part and REVERSE in part.**