NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICHOLAS HONCHARIW, Trustee, Honchariw Family Trust, Plaintiff-Appellant, v. COUNTY OF STANISLAUS, Defendant-Appellee. | No. 24-5788 D.C. No. 1:21-cv-00801-SKO MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Submitted December 3, 2025**
San Francisco, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and ROSENTHAL,***
District Judge.

Nicholas Honchariw, trustee, appeals the district court's summary judgment

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

for the County of Stanislaus over a land use dispute. Honchariw had tried to finalize a property subdivision that the County alleged did not comply with plans it had previously approved. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's summary judgment ruling de novo. *See Johnson v. Barr*, 79 F.4th 996, 998–99 (9th Cir. 2023). We affirm.

1. Honchariw argues that the County's interpretation of the conditions of approval on his vesting tentative subdivision map, and the resulting delays in finalizing the subdivision of his property, amounted to an uncompensated taking. "Where the government 'physically acquires private property for a public use,' a 'per se' taking has occurred." *Pharm. Rsch. & Mfrs. of Am. v. Stolfi*, 153 F.4th 795, 833 (9th Cir. 2025) (quoting *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 147–48 (2021)). "But where the government 'instead imposes regulations that restrict an owner's ability to use his own property,' courts 'appl[y] the flexible test developed in'" *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978). *Id.*

Honchariw asserts that the relevant property interest was his "statutory vested rights" in his tentative map and that the County's actions that delayed the finalization of his subdivision plans interfered with those rights and resulted in a per se taking. However, a court may not extract one "strand" out of a "bundle" of property rights and analyze it separately. *Andrus v. Allard*, 444 U.S. 51, 66 (1979); *see also Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 500 (1987) (the

2

Supreme Court's takings jurisprudence "forecloses reliance on . . . legalistic distinctions within a bundle of property rights"). The relevant property interest is Honchariw's parcel as a whole and it must be analyzed under *Penn Central*. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 331 (2002).

Under *Penn Central,* three factors determine whether government action constitutes a regulatory taking: (1) "[t]he economic impact of the regulation on the claimant," (2) "the extent to which the regulation has interfered with distinct investment-backed expectations," and (3) "the character of the governmental action." *Penn Cent. Transp. Co.*, 438 U.S. at 124. As to the first factor, the record shows that the value of Honchariw's property after the alleged taking was comparable to its original value. That is not sufficient for a taking. *See Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 451 (9th Cir. 2018) (explaining that courts are loath to find a taking where diminution of value is less than 50 percent and have found no taking even where diminution is between 75 and 92.5 percent).

The second factor similarly does not weigh in Honchariw's favor because there was insufficient interference with his investment-backed expectations. The kind of delays he encountered are "a normal part of the development process." *Landgate, Inc. v. California Coastal Comm'n*, 17 Cal. 4th 1006, 1030 (1998). Honchariw had only an "expectation, but not an assurance" that he would be able to

subdivide the property when he acquired it. *MacLeod v. Santa Clara Cnty*., 749 F.2d 541, 548 (9th Cir. 1984) (rejecting the argument that a taking occurred when the government denied an owner's permit to "exploit his property by pursuing a particular project" that he believed "would be available for development").

Third, the "character" of the County's action also weighs against finding a taking. Requiring fire safety equipment generally does not "amount to a physical invasion." *Bridge Aina Le'a, LLC v. Land Use Comm'n*, 950 F.3d 610, 635–36 (9th Cir. 2020) (cleaned up); *see Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 440 (1982) (holding that regulations that require "smoke detectors, fire extinguishers, and the like" are not physical takings). The record also does not show that the County "single[d] out" Honchariw "from similarly situated landowners." *Bridge Aina Le'a*, 950 F.3d at 636. And even if this factor weighed in Honchariw's favor, it is not a sufficient basis on its own for finding a taking. *Id*.

2. Honchariw also argues that the County's interpretations of the conditions of approval violated substantive due process. "To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). In the permitting context, "only egregious official conduct can be said to be arbitrary," and the conduct "must amount to an abuse of power lacking any reasonable justification in the service of a legitimate

4

governmental objective." *Id.* at 1088 (cleaned up).

The record shows no abuse of power sufficient for a substantive due process claim. Although the parties disagreed in state court as to the meaning of the conditions of approval, the County's interpretation was reasonable. *See Brittain v. Hansen*, 451 F.3d 982, 996 (9th Cir. 2006) ("Substantive due process secures individuals from arbitrary government action that rises to the level of egregious conduct, not from reasonable, though possibly erroneous, legal interpretation." (cleaned up)). Honchariw does not dispute that County had a legitimate interest in fire safety, instead arguing that it acted with "no authority" to impose additional conditions before approving his final map. This argument is undercut by his concession that the official in charge of reviewing the tentative map for compliance with the conditions acted in good faith.

Although Honchariw endured delay and aggravation in the development process, he did not meet his "heavy burden" of demonstrating that the County's actions violated his substantive due process rights. *Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1262 (9th Cir. 1994). The district court did not err in granting summary judgment to the County on this claim.

**AFFIRMED.**